# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MILLWORK ARTISANS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY,<br><br>    Defendant. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Millwork Artisans LLC ("Millwork"), and hereby submits this Complaint for Damages, respectfully showing this Court the following:

## PARTIES, VENUE AND JURISDICTION

1.

Millwork is a South Carolina limited liability company.

2.

Defendant Travelers Indemnity Company ("Travelers") is a Texas corporation. Travelers may be served through its registered agent, Corporation Service Company, located at 40 Technology Pkwy South, #300, Norcross, GA 30092, in Gwinnett County.

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this suit is between citizens of different states.

4.

Venue is appropriate in this action pursuant to 28 U.S.C. 1391(b)(1) because Travelers maintains a registered agent in Gwinnett County and is therefore deemed to "reside" in the Northern District of Georgia for purposes of venue, and because the agreement at issue was made here.

## FACTUAL ALLEGATIONS

5.

Millwork is a manufacturer and seller of shutters, windows, and doors. Customers purchase Millwork's products from around the country. Millwork partners with independent shipping companies to deliver orders to those customers.

6.

In September 2020, Millwork received an order from Ocean Building Corp. in New York for a shipment of doors and other parts.

7.

Millwork contacted a freight broker, non-party Direct Drive Logistics, Inc. ("DDL"), to arrange for delivery of the materials to New York.

8.

DDL, in turn, brokered the Millwork load to a trucking company, also a non-party. Unbeknownst to Millwork, that trucking company then subcontracted the shipment of the load to another non-party trucking company which was unlicensed and not adequately insured.

9.

On September 9, 2020, the second trucking company picked up the materials and left for New York. Approximately four hours after picking up the load, the driver had a traffic accident in Johnston County, North Carolina. As a result of the accident, the entire shipment was destroyed.

10.

After the accident, Millwork made claims to various insurance companies for reimbursement. First, Millwork made a claim to its own insurance company, Great Northern Insurance Company ("Chubb") for the claim. However, the policy limit for Millwork's insurance policy with Chubb was only $75,000.00. Chubb paid the policy limit of the claim. Millwork never agreed to provide Chubb with any subrogation rights to any subsequent payment it may receive relating to the accident.

11.

Thereafter, Millwork contacted DDL's insurance company, Travelers, to obtain payment for the remaining amount of its damage.

12.

After several months of negotiations, Millwork and Travelers ultimately agreed that Millwork would settle its claim against Travelers' insured, DDL, in exchange for a settlement payment of $95,000.00 from Travelers and $5,000 from DDL, which amount represented DDL's deductible.

13.

Having reached an agreement with Travelers, Travelers sent Millwork a Property Damage-Liability Release (the "Release"). Pursuant to the Release, Millwork agreed to release all of its claims against DDL and Travelers in exchange for a $95,000.00 payment from Travelers and a $5,000.00 payment from DDL. A true and correct copy of the Release is attached hereto as **Exhibit A**.

14.

Millwork executed the Release on December 2, 2020.

15.

In accordance with their settlement agreement, Travelers executed and mailed Millwork a check for $95,000.00 on December 3, 2020.

16.

However, after Millwork received the check, but before depositing it, Travelers stopped payment.

17.

On December 7, 2020, a representative from Travelers emailed Millwork's executives to inform them that Travelers had stopped payment on the check. Travelers explained that the reason for the payment stoppage was that Travelers had been informed by Chubb that Chubb had subrogation rights to the payout that Travelers provided to Millwork.

18.

Millwork's attorney contacted Chubb's attorney to inform him that Chubb in fact did not have any subrogation rights related to the payment from Travelers. Ultimately, Chubb agreed with Millwork.

19.

Millwork and Chubb subsequently informed Travelers that Chubb was withdrawing any claim to any money owed by Travelers.

20.

Millwork's attorney then requested that Travelers reissue the check on which it had previously stopped payment. However, rather than pay the $95,000.00 that

Travelers had agreed to pay, Travelers unilaterally determined that it should recalculate the amount it would pay without the consent or agreement of Millwork.

21.

On January 6, 2021, Millwork's attorney emailed Travelers' claim representative, John Gallagher, and informed him that Millwork would insist on the issuance of the full $95,000.00 settlement payment. Millwork explained that the parties had reached a settlement agreement previously and that that agreement was evidenced by Millwork's execution of the Release and Traveler's tender of the original $95,000.00 check.

22.

After ignoring Millwork's demands for several days, Travelers emailed Millwork's attorney to insist again that Travelers would not reissue the $95,000.00 check. To date, Travelers has failed to pay the amount owed pursuant to the parties' settlement agreement.

**COUNT ONE – BREACH OF SETTLEMENT AGREEMENT**

23.

Millwork hereby reasserts and incorporates the foregoing enumerated paragraphs as if each were set forth herein.

24.

As set forth above, Millwork and Travelers reached a settlement agreement whereby Travelers agreed to pay Millwork $95,000.00 (with DDL paying an additional $5,000.00) in exchange for Millwork executing the Release.

25.

Traveler's acceptance of this settlement agreement is evidenced by the fact that it issued the $95,000.00 check, sent Millwork the Release to execute, and otherwise acted as if the parties had reached a full final agreement.

26.

Millwork upheld its end of the settlement agreement by executing and returning the Release to Travelers.

27.

Travelers breached the settlement agreement by stopping payment on the $95,000.00 check and failing to reissue it after the Chubb subrogation issues were resolved.

28.

Millwork is entitled to a judgment against Millwork in the principal amount of $95,000.00.

29.

In addition to the principal amount identified above, Millwork is entitled to prejudgment interest in the amount of 7% per annum pursuant to O.C.G.A. §§ 7-4-2 and 7-4-15.

30.

Travelers' wrongful conduct, as set forth above, evidences bad faith, vexatiousness, stubborn litigiousness, and was carried out with such conscious and reckless disregard for Millwork's rights, that such conduct entitles it to recover its reasonable costs and expenses including, without limitation, attorney's fees incurred in connection with this action pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Millwork respectfully requests a trial by jury and that this Court:

(1) Enter Judgment in its favor on Count One of its Complaint in the amount of $95,000.00 in principal plus prejudgment interest and expenses;

(2) Award it attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11;

(3) Tax all costs of this action to Travelers; and

(4) Award all such further relief as this Court deems just and proper.

Respectfully submitted on January 29, 2021.

                                              */s/ Jonathan Palmer*
                                              Jonathan Palmer
                                              Georgia Bar No. 453452
                                              Nicholas Sears
                                              Georgia Bar No. 491480

**KNIGHT PALMER, LLC**
One Midtown Plaza
1360 Peachtree Street, N.E., Suite 1201
Atlanta, Georgia 30309
Tel: (404) 228-4822
Fax: (404) 228-4821
jpalmer@knightpalmerlaw.com
nsears@knightpalmerlaw.com

# EXHIBIT A

# TRAVELERS

**PROPERTY DAMAGE-LIABILITY RELEASE**

RE: Claim No.      FJJ9723
    Claimant:      Millwork Artisans LLC
    Insured:       Direct Drive Logistics
    Date of Loss:  09/09/2020

**KNOW ALL PERSONS BY THESE PRESENTS:**

Millwork Artisans LLC  for itself and for its affiliated corporations, related corporations, parent corporations, subsidiary corporations, divisions and its agents, servants, employees, officers directors, insurers, successors and assigns (hereinafter referred to as "Releasor") and each and every one of them, in consideration of payment by  Travelers Property Casualty Company of America of $95,000.00 (Ninety Five Thousand Dollars and 00/100 cents) and payment by Direct Drive Logistics of $5,000.00 (Five Thousand Dollars and 00/100 cents) hereby fully and completely remises, releases and forever discharges Travelers Property Casualty Company of America and Direct Drive Logistics  and affiliated corporations, related corporations, parent corporations, subsidiary corporations, divisions and their agents, brokers, attorneys, servants, employees, officers, directors, insurers, reinsurers successors and assigns (hereinafter collectively referred to as "Releasees") and each and every one of them of and from all known and unknown claims, demands and causes of action of every type and description which Releasor now has or claims to have or which may hereafter accrue against said Releasees or any one or more of them arising from, growing out of or related in any way to the damages of the cargo under BOL# DDL00058811 and invoice 1768 ("subject claim").

The amount paid by or on behalf of said Releasees is paid in settlement and compromise of Releasor's claim without in any way admitting liability for any claim by Releasors or on their behalf. No promise has been made to pay any further amounts, sums or other consideration in exchange for this Release.

Releasor represents and warrants that is the only party entitled to pursue the claim that is the subject of the foregoing Release and that the individual signing this Release on behalf of Releasor is competent to do so and has the authority of Releasor to do so. Releasor further represents and warrants that it has not assigned any rights to any person or legal entity and has no knowledge of any other party with an interest in the cargo which is the subject of the Release.

In the event that any term or provision of this Release shall be held illegal, unenforceable, or inoperative as a matter of law, the remaining terms and provisions of this Release shall not be affected thereby, but each such terms and provisions shall be valid and shall remain in full force and effect.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Signed, sealed, and delivered in the presence of:

| (Printed Name) | (Date) | (Legal Signature) | DocuSigned by: |
| David Simmons | 12/2/2020 | | David Simmons |
| | | | 84DD0B2081A243F... |